IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM R. CAPPS,

    Petitioner,                      No. CIV-S-10-0014 LKK CKD P

    vs.

S.M. SALINAS,

    Respondent.                   FINDINGS AND RECOMMENDATIONS

        Petitioner is a state prisoner proceeding without counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a 2008 decision by the California Board of Parole Hearings (BPH) denying him parole.

        The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 459-60 (1989).

        A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221

1

1  (2005) (citations omitted).  The United States Constitution does not, of its own force, create a
2  protected liberty interest in a parole date, even one that has been set.  *Jago v. Van Curen*, 454
3  U.S. 14, 17-21 (1981); *Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 7 (1979) (There is "no
4  constitutional or inherent right of a convicted person to be conditionally released before the
5  expiration of a valid sentence.").  However, "a state's statutory scheme, if it uses mandatory
6  language, 'creates a presumption that parole release will be granted' when or unless certain
7  designated findings are made, and thereby gives rise to a constitutional liberty interest."
8  *Greenholtz*, 442 U.S. at 12; *see also Board of Pardons v. Allen*, 482 U.S. 369, 376-78 (1987) (a
9  state's use of mandatory language ("shall") creates a presumption that parole release will be
10 granted when the designated findings are made.).

11         California's parole statutes give rise to a liberty interest in parole protected by the
12 Due Process Clause of the Fourteenth Amendment.  *Swarthout v. Cooke*, 131 S. Ct. 859, 861
13 (2011) (per curiam).  In California, a prisoner is entitled to release on parole unless there is
14 "some evidence" of his or her current dangerousness.  *In re Lawrence*, 44 Cal.4th 1181, 1205-06,
15 1210 (2008); *In re Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002).  However, in *Swarthout* the
16 United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's
17 'some evidence' rule into a substantive federal requirement."  *Swarthout*, 131 S. Ct. at 862.  In
18 other words, the Court specifically rejected the notion that there can be a valid claim under the
19 Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding.  *Id*. at
20 863.  Rather, the protection afforded by the federal due process clause to California parole
21 decisions consists solely of the "minimal" procedural requirements set forth in *Greenholtz*,
22 specifically "an opportunity to be heard and . . . a statement of the reasons why parole was
23 denied."  *Id. at* 862.

24         The record reflects that petitioner was present at his 2008 parole hearing, Pet., Ex.
25 A, he was given an opportunity to be heard throughout his hearing, *id*. at 3-58, and was provided
26 with the reasons for the decision to deny parole, id. at 58-64.  All of petitioner's claims are based

upon the premise that this court can engage in a review of the evidence presented in favor of and against petitioner being released on parole and then determine if the evidence supporting denial is sufficient. Because the court cannot engage in that sort of review, petitioner's application for writ of habeas corpus must be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be denied; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: August 4, 2011                          /s/ Carolyn K. Delaney
                                               United States Magistrate Judge

---

[1] capp0014.157